INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 6/24))

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

Aaron Singer, Pro Se

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

INDIANAPOLIS METROPOLITAN POLICE
DEPARTMENT (IMPD),
CITY OF INDIANAPOLIS,MARION COUNTY
PROSECUTOR'S OFFICE

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.  Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.    1:26-cv-930-JRO-KMB

*(to be filled in by the Clerk's Office)*

**FILED**

**05/07/2026**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Kristine L. Seufert, Clerk**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

**Demand for Jury Trial**    [X] **Yes**    [ ] **No**

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number.  A filing may include *only*: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievances, witness statements, evidence, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 6/24))

**I.      Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

**A.**      Are you bringing suit against*(check all that apply)*:

☐   Federal officials (a *Bivens* claim)

☒   State or local officials (a § 1983 claim)

**B.**      Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Please See Attached: **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**C.**      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

**D.**      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

**Please See Attached: COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 6/24))

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**II.     The Parties to This Complaint**          Please See Attached: **EXHIBIT 3 – PARTY SERVICE ADDRESSES**

**A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name          _____

Address       _____

              _____

              _____  _____  _____
              *City*                   *State*     *Zip Co*

County        _____

Telephone Number  _____

E-Mail Address    _____

                                        Please See Attached: **EXHIBIT 3 – PARTY SERVICE ADDRESSES**

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name          _____

Job or Title *(if known)*  _____

Address       _____

              _____  _____  _____
              *City*                   *State*     *Zip Code*

County        _____

Telephone Number  _____

E-Mail Address *(if known)*  _____

☐ Individual capacity     ■ Official capacity

INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 6/24))

Defendant No. 2

Name _____

Job or Title *(if known)* _____

Address _____

_____    _____    _____

*City*                         *State*              *Zip code*

County _____

Telephone Number _____

E-Mail Address *(if known)* _____

☐ Individual capacity    ■ Official capacity

Defendant No. 3

Name _____

Job or Title *(if known)* _____

Address _____

_____    _____    _____

*City*                         *State*              *Zip Code*

County _____

Telephone Number _____

E-Mail Address *(if known)* _____

☐ Individual capacity    ■ Official capacity

INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 6/24))

## III.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

Please See Attached: **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur?

Please See Attached: **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

_____

C.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

_____

Please See Attached: **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 12/16))

## IV.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Please See Attached: **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

_____

_____

_____

_____

_____

_____

## V.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Please See Attached: **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

_____

_____

_____

_____

_____

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        MAY 07, 2026

Signature of Plaintiff

Printed Name of Plaintiff        AARON SINGER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| AARON SINGER, | ) | |
| PLAINTIFF, | ) | |
| V. | ) | No. NEW CASE |
| INDIANAPOLIS METROPOLITAN POLICE | ) | |
| DEPARTMENT (IMPD), | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| MARION COUNTY PROSECUTOR'S OFFICE, | ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATIONS

INDIANA CONSTITUTION ARTICLE I, SECTION 11

INDIANA STATE LAW – DEFAMATION PER SE

MONELL MUNICIPAL LIABILITY

**I. PRELIMINARY STATEMENT**

1. Plaintiff Aaron Singer has no criminal convictions. He has never been convicted of any crime. Nevertheless, Defendants have: (a) falsely designated Plaintiff as possessing a "criminal history" in state and national databases; (b) published this false information to law enforcement agencies nationwide; (c) seized and retained Plaintiff's personally identifiable information without lawful authority; and (d) seized and retained Plaintiff's biometric identifiers without lawful authority.

2. This case asks whether a municipal police department and prosecutor's office may maintain false criminal records about a citizen with no convictions, and whether they may seize and permanently retain a pretrial detainee's Social Security number, fingerprints, and photographs without a warrant, without probable cause, and without any conviction.

3. Plaintiff brings this action under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, Article I, Section 11 of the Indiana Constitution, and Indiana common law to vindicate his constitutional rights, to obtain compensatory and punitive damages, and to secure injunctive relief compelling Defendants to correct their false records, destroy unlawfully seized data, and cease their unlawful data collection practices.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). Plaintiff's claims under Indiana state law are brought pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in Marion County, Indiana, and all Defendants reside or maintain their principal places of business in this district.

6. This action is timely filed within the applicable statutes of limitations.

## III. PARTIES

**Plaintiff**

7. Plaintiff Aaron Singer is an adult individual and a citizen of the United States. Plaintiff is proceeding pro se and *in forma pauperis* in this action. Plaintiff has no criminal convictions.

**Defendants**

8. **Indianapolis Metropolitan Police Department ("IMPD")** is a municipal police department organized under the laws of the State of Indiana and the Consolidated City of Indianapolis. IMPD is a policymaking body for purposes of municipal liability under 42 U.S.C. § 1983 and *Monell v. Department of Social Services,* 436 U.S. 658 (1978). IMPD is sued in its official capacity.

9. **City of Indianapolis** is a municipal corporation organized under the laws of the State of Indiana. The City is the governing body responsible for IMPD, the Marion County Prosecutor's Office, and all other municipal agencies. The City is sued in its official capacity.

10. **Marion County Prosecutor's Office** is a government agency responsible for prosecuting criminal offenses in Marion County, Indiana. The Prosecutor's Office is sued in its official capacity for its policies, customs, and practices regarding data management, record retention, and the maintenance of criminal history records.

11. Please find service addresses for all parties attached as Exhibit 3.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff Has No Criminal History

12. Plaintiff has never been convicted of any crime. Any record suggesting otherwise is false.

13. All prior arrests of Plaintiff resulted in *nolle prosequi* (prosecutor declined to prosecute) or dismissal. No conviction exists.

14. Nevertheless, IMPD and the Marion County Prosecutor's Office maintain records in state and national databases falsely designating Plaintiff as possessing a "criminal history." **Exhibit 2** (Georgia Criminal History Record) demonstrates this false designation.

15. This false record has been published to law enforcement agencies nationwide, including the Carrollton, Georgia Police Department, where Officer Darling KK accessed and relied upon it. **Exhibit 2**.

**B. The January 22-23, 2025 Unlawful Seizure**

16. On January 22-23, 2025, IMPD officers seized Plaintiff without probable cause and without a warrant.

17. Plaintiff was detained and processed through the Adult Detention Center.

18. No criminal charges were filed following this detention. The release documents reflect an "NC" (No Case) designation. **Exhibit 5** (January 2025 Arrest Records) documents this unlawful seizure.

19. During or after this detention, Defendants extracted Plaintiff's personally identifiable information, including his Social Security Number, FBI Number, Indiana State Identification Number, and date of birth, without lawful authority and without a warrant.

20. Plaintiff's SSN is a unique, sensitive identifier that serves as the foundation of his financial life. The warrantless extraction and retention of his SSN constitutes a particularly grave invasion of privacy.

21. Defendants retained this information and entered it into databases accessible to other law enforcement agencies nationwide.

**C. The June 22-26, 2025 Unlawful Seizure**

22. On June 22-26, 2025, IMPD officers seized Plaintiff without probable cause and without a warrant.

23. Plaintiff was charged with Intimidation based on an affidavit sworn by Officer Brendan Houston.

24. All charges were subsequently dismissed. **Exhibit 6** (June 2025 Arrest Records) documents this unlawful seizure and the resulting dismissal.

25. During or after this detention, Defendants again extracted and retained Plaintiff's personally identifiable information without lawful authority.

**D. Extraction of Biometric Identifiers**

26. During one or both of the above detentions, booking officers at the jail extracted Plaintiff's biometric identifiers, including:

a. Fingerprints (all ten digits + palm);

b. Photographic images (booking mugshots);

c. Any other biometric data collected during the intake process (blood draw, vitals measurements).

27. Unlike general personally identifiable information, biometric data is permanent, uniquely identifying, and cannot be changed. Plaintiff cannot obtain a new set of fingerprints, a new face, or new blood. The warrantless extraction and permanent retention of biometric identifiers constitutes a distinct and particularly grave Fourth Amendment violation.

28. Plaintiff's biometric identifiers were extracted without a warrant, without probable cause, without Plaintiff's consent, and without any lawful authority.

29. No criminal conviction justifies the retention of Plaintiff's biometric identifiers. All charges arising from the underlying detentions were dismissed or resulted in *nolle prosequi*.

**E. The False Criminal History Designation**

30. The false "criminal history" designation maintained by IMPD and the Prosecutor's Office consists of arrests that resulted in dismissal or *nolle prosequi* — none of which constitute criminal history under Indiana law.

31. Under Indiana law, an arrest that does not result in a conviction is not presumptive evidence of any criminal act and does not establish a criminal record for purposes of public dissemination.

32. Despite this, Defendants maintain and disseminate records that falsely label Plaintiff as having a "criminal history" — a designation that imputes criminal conduct to a person with no convictions.

33. This false designation has been published to third parties, including:

a. The Marion County Prosecutor's Office;

b. The Carrollton, Georgia Police Department (Officer Darling KK);

c. Personnel maintaining criminal justice databases accessible to employers, landlords, and the general public;

d. Other law enforcement agencies nationwide.

## V. LEGAL ARGUMENT — FOURTH AMENDMENT FRAMEWORK

34. The Fourth Amendment to the United States Constitution protects the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.

35. Plaintiff's Social Security Number, FBI Number, Indiana State Identification Number, date of birth, fingerprints, blood records, and photographic images constitute "effects" or "papers" protected by the Fourth Amendment.

36. The warrantless extraction and retention of this information constitutes a seizure of property requiring justification under the Fourth Amendment. *See United States v. Jones*, 565 U.S. 400 (2012) (physical intrusion to obtain information constitutes Fourth Amendment search); *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (recognizing Fourth Amendment protection in certain categories of information).

37. Courts have recognized that the government's collection and retention of biometric identifiers — particularly from individuals who are never convicted of a crime — raises

serious Fourth Amendment concerns. Biometric data is immutable, uniquely identifying, and permanently associated with an individual.

38.Plaintiff was never convicted of any crime. No valid governmental interest justifies the permanent retention of his fingerprints and photographs. The government's interest in maintaining a database of arrestees is substantially diminished — if not extinguished — when no conviction follows.

39.The seizure and retention of Plaintiff's PII and biometric identifiers during an unlawful detention, followed by dismissal of all charges, is presumptively unreasonable under the Fourth Amendment.

40.The United States Congress recognized the sensitivity of Social Security numbers and personal identifiers when it enacted the Privacy Act of 1974, 5 U.S.C. § 552a, which prohibits federal agencies from disclosing such information without consent. This federal statutory policy reinforces Plaintiff's Fourth Amendment expectation of privacy in his SSN and biometric identifiers.

## VI. CLAIMS FOR RELIEF

## COUNT I

## DEFAMATION PER SE – INDIANA STATE LAW

(Against IMPD, City of Indianapolis, and Marion County Prosecutor's Office)

41.Plaintiff incorporates by reference all preceding paragraphs.

42. Defendants published false statements to third parties that Plaintiff possesses a "criminal history."

43. The statements are false because Plaintiff has no criminal convictions. The records upon which Defendants rely consist entirely of dismissed cases and matters resolved by *nolle prosequi,* which carry no presumption of guilt and do not constitute criminal history under Indiana law.

44. Under Indiana law, statements imputing criminal conduct to a plaintiff are defamatory per se. *Journal-Gazette Co. v. Bandido's, Inc.*, 712 N.E.2d 446, 451 (Ind. 1999). Where defamation per se is established, damages are presumed without specific proof of economic loss.

45. Defendants made these statements with actual malice or, at minimum, negligence. Defendants knew or should have known that dismissed cases and *nolle prosequi* dispositions do not constitute criminal history.

46. As a direct and proximate result, Plaintiff has suffered damage to his reputation, damage to his credibility as a pro se litigant, humiliation, emotional distress, and presumed damages under Indiana's defamation per se doctrine.

**WHEREFORE**, Plaintiff requests judgment against Defendants IMPD, City of Indianapolis, and Marion County Prosecutor's Office for compensatory damages, punitive damages, and such other relief as the Court deems just and proper.

**COUNT II**

**UNLAWFUL SEIZURE OF PERSONALLY IDENTIFIABLE INFORMATION**

**Fourth Amendment – 42 U.S.C. § 1983**

(Against All Defendants)

47. Plaintiff incorporates by reference all preceding paragraphs.

48. Plaintiff's Social Security Number, FBI Number, Indiana State Identification Number, and date of birth constitute property interests protected by the Fourth Amendment.

49. Defendants, acting under color of state law, seized and retained Plaintiff's personally identifiable information without a warrant, without probable cause, without Plaintiff's consent, and without any lawful authority.

50. Plaintiff was a pretrial detainee in matters that resulted in *nolle prosequi* or dismissal. At no point did Plaintiff face valid criminal charges sufficient to authorize the warrantless seizure of his identifying information.

51. The extraction and retention of this information during unlawful detention constitutes a seizure separate and distinct from the seizure of Plaintiff's person.

52. The warrantless seizure of Plaintiff's personally identifiable information is presumptively unreasonable under the Fourth Amendment. *See Carpenter v. United States,* 138 S. Ct. 2206 (2018); *United States v. Jones,* 565 U.S. 400 (2012).

53. As a direct and proximate result, Plaintiff has suffered invasion of his constitutionally protected privacy interests, exposure to identity theft, damages to his reputation, and emotional distress.

**WHEREFORE**, Plaintiff requests judgment against all Defendants for compensatory damages, punitive damages, and such other relief as the Court deems just and proper.

**COUNT III**

**UNLAWFUL SEIZURE OF BIOMETRIC IDENTIFIERS**

**Fourth Amendment – 42 U.S.C. § 1983**

(Against Defendants IMPD and City of Indianapolis)

54. Plaintiff incorporates by reference all preceding paragraphs.

55. Plaintiff's fingerprints and photographic images constitute "effects" protected by the Fourth Amendment.

56. Defendants, acting under color of state law, seized and retained Plaintiff's biometric identifiers without a warrant, without probable cause, and without lawful authority.

57. Unlike general personally identifiable information, biometric data is permanent, uniquely identifying, and cannot be changed. Plaintiff cannot obtain a new set of fingerprints or a new face. Its warrantless seizure and retention constitutes a distinct and particularly grave Fourth Amendment violation.

58. The government's interest in retaining biometric data from individuals who are never convicted of a crime is substantially diminished. No legitimate governmental purpose justifies the permanent retention of Plaintiff's immutable biometric identifiers following dismissal of all charges.

59. As a direct and proximate result, Plaintiff has suffered invasion of his privacy, exposure to misuse of immutable identifying data, and emotional distress.

**WHEREFORE**, Plaintiff requests judgment against Defendants IMPD, City of Indianapolis, for compensatory damages, punitive damages, and such other relief as the Court deems just and proper.

**COUNT IV**

**VIOLATION OF INDIANA CONSTITUTION ARTICLE I, SECTION 11**

(Against All Defendants)

60. Plaintiff incorporates by reference all preceding paragraphs.

61. Article I, Section 11 of the Indiana Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

62. Indiana courts have interpreted Article I, Section 11 to provide independent privacy protection that sometimes exceeds federal Fourth Amendment standards.

63. Defendants' warrantless extraction and retention of Plaintiff's personally identifiable information and biometric identifiers violated Plaintiff's rights under Article I, Section 11 of the Indiana Constitution.

64. As a direct and proximate result, Plaintiff has suffered damages as alleged herein.

**WHEREFORE**, Plaintiff requests judgment against all Defendants for compensatory damages, punitive damages, and such other relief as the Court deems just and proper.

**COUNT V**

**MUNICIPAL LIABILITY – MONELL CLAIM**

**42 U.S.C. § 1983**

(Against IMPD, City of Indianapolis, and Marion County Prosecutor's Office)

65. Plaintiff incorporates by reference all preceding paragraphs.

66. Defendants IMPD, the City of Indianapolis, and the Marion County Prosecutor's Office maintained, at all relevant times, customs, policies, and practices that were the moving force behind the constitutional violations alleged herein.

67. Specifically, these municipal Defendants maintained a custom, policy, or practice of:

a. Seizing and retaining personally identifiable information from pretrial detainees without lawful authority and regardless of case disposition;

13 / 16

b. Seizing and retaining biometric identifiers (fingerprints, photographs) from pretrial detainees without lawful authority and regardless of case disposition;

c. Failing to expunge or correct records reflecting criminal history where no conviction exists;

d. Disseminating such information to third parties, including law enforcement agencies nationwide, without safeguards or verification;

e. Failing to train officers and personnel on the constitutional limits of data collection, retention, and dissemination.

68. These customs and policies were implemented with deliberate indifference to the constitutional rights of persons subjected to unlawful detention and false designation of criminal history.

69. Under *Leatherman v. Tarrant County, 507 U.S. 163 (1993),* a plaintiff is not required to plead specific facts supporting Monell liability with particularity. Notice pleading under Rule 8(a) is sufficient. Plaintiff has alleged the existence of a municipal custom or policy that caused the constitutional violations herein. Discovery will reveal the full scope and implementation of that policy.

70. As a direct and proximate result, Plaintiff suffered the constitutional and statutory violations alleged herein.

**WHEREFORE**, Plaintiff requests judgment against Defendants IMPD, City of Indianapolis, and Marion County Prosecutor's Office for compensatory damages, punitive damages, declaratory relief, injunctive relief, and such other relief as the Court deems just and proper.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Aaron Singer respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

### A. Compensatory Damages

Compensatory damages in an amount to be determined at trial for the constitutional violations, emotional distress, reputational harm, and invasion of privacy suffered by Plaintiff;

### B. Punitive Damages

Punitive damages against any other individual Defendants identified through discovery, in an amount sufficient to deter future misconduct;

### C. Declaratory Relief

A declaratory judgment that Defendants' conduct violated Plaintiff's rights under the Fourth Amendment, Article I, Section 11 of the Indiana Constitution, and Indiana common law;

### D. Injunctive Relief

A permanent injunction compelling Defendants to:

1. Expunge all records of the January 2025 and June 2025 arrests from all databases within their custody or control;

2. Correct all records reflecting Plaintiff's criminal history to accurately reflect that Plaintiff has no convictions;

15 / 16

3. Cease retention and dissemination of Plaintiff's personally identifiable information and biometric identifiers;

4. Destroy all copies of Plaintiff's personally identifiable information and biometric identifiers in their possession;

5. Retract any data previously disseminated to outside parties, including but not limited to law enforcement agencies, with confirmation of secure deletion from such outside parties' systems;

6. Provide Plaintiff with written certification, under oath, that all expungement, correction, destruction, and retraction has been completed in accordance with this Court's order;

**E. Costs and Fees**

All costs of this action, including any filing fees, service fees, and reasonable litigation expenses;

**F. Such Other Relief**

Such other and further relief as this Court deems just and proper.

**VIII. DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**Aaron Singer**
Pro Se Plaintiff, IFP

*Fiat justitia; pereat cultura.*

DATE: ___05/07/2026__

SIGNATURE: