UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON SINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 1:26-cv-00930-JRO-KMB |
| | ) |
| INDIANAPOLIS METROPOLITAN POLICE | ) |
| DEPARTMENT (IMPD), | ) |
| CITY OF INDIANAPOLIS, | ) |
| MARION COUNTY PROSECUTOR'S | ) |
| OFFICE, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT FOR LACK OF JURISDICTION,
AND PROVIDING LEAVE TO AMEND**

This matter is before the Court on *pro se* Plaintiff Aaron Singer's Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 2. Because the Court **GRANTS** the motion to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the Court **DISMISSES** Singer's complaint without prejudice and **ORDERS** him to show cause **by August 10, 2026,** why final judgment should not issue against him.

**I.  IN FORMA PAUPERIS STATUS**

The Court may authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Singer's motion, dkt. 2, meets this standard and is **GRANTED** accordingly.

While *in forma pauperis* status allows a plaintiff to proceed without pre-paying the filing fee, the plaintiff remains liable for the full fees. "[A]ll § 1915(a) does for any litigant is excuse the *pre*-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able." *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due at this time, but the $350.00 balance remains due and owing.

## II.  SCREENING STANDARD

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a defendant must

have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2).

*Pro se* complaints, including Singer's, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751. Nevertheless, any plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

### III.  THE COMPLAINT

The Court accepts Plaintiff's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

Singer objects to the maintenance and publication of his criminal history information, arguing that publishing information about arrests and charges for which he was never convicted is defamatory under Indiana law. He also alleges that Defendants violated his constitutional rights by collecting and retaining his personal and biometric information following his unlawful arrest and detention on two separate occasions in 2025. Singer seeks compensatory and punitive

damages, a declaratory judgment, and a permanent injunction directing the revision of his criminal history and deletion of his personal data stored by Defendants and by third-party custodians.

## IV.  DISCUSSION

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Plaintiff has identified the theory he uses to assert federal question jurisdiction: violations of the Fourth Amendment and municipal *Monell* liability under 42 U.S.C. § 1983.  He also alleges two state law claims.  Where a *pro se* litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory.  *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)).

### A.    Federal Claims

Singer alleges violations of the Fourth Amendment by all Defendants, but because he has sued local government units directly, rather than their agents, his Fourth Amendment claims fail to the extent they are based on the actions of those agents.  "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  That leaves his claim that Defendants are liable under *Monell* for "maintain[ing] . . . customs, policies, and practices that were the moving force behind the constitutional violations alleged herein."  Dkt. 1 at 19.  "Specifically," according to Singer, Defendants maintained a policy of "[s]eizing and retaining"

the personal information and biometric identifiers of pretrial detainees "without lawful authority," "[f]ailing to expunge or correct records reflecting criminal history where no conviction exists," "[d]isseminating such information to third parties," and "[f]ailing to train officers and personnel on the constitutional limits of data collection, retention, and dissemination." *Id.* at 19–20.

To find a municipality (rather than a natural person) liable for a Section 1983 claim, the plaintiff must prove that the constitutional harm he alleges was caused by an official policy, a decision by a final decisionmaker, or a government custom or practice. *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017); *see Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 36 (2010). But "[a]bsent a constitutional injury, there is no municipal liability under *Monell*." *Peoples v. Cook Cnty.*, 128 F.4th 901, 905 (7th Cir. 2025) (citing *Swanigan v. City of Chi.*, 775 F.3d 953, 962 (7th Cir. 2015), and *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007)). Singer's *Monell* claim fails for this reason, as he does not show that Defendants violated his constitutional rights.

Singer objects on Fourth Amendment grounds to Defendants' collection of his personal identifying information, fingerprints, and photograph as part of the booking process. Dkt. 1 at 16–18. But the Fourth Amendment permits the collection of this information as a "routine 'administrative step[] incident to arrest.'" *Maryland v. King*, 569 U.S. 435, 461 (2013) (quoting *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 58 (1991)); *see United States v. Sechrist*, 640 F.2d 81, 85–86 (7th Cir. 1981). Singer asserts that he was arrested unlawfully, "without probable cause and without a warrant." Dkt. 1 at 10. The exhibits he

provides indicate to the contrary.  Dkt. 1-5 (describing probable cause for arrest for disorderly conduct); dkt. 1-6 (charging information for arrest for intimidation).  Singer provides nothing besides conclusory statements to rebut these exhibits showing that his arrests were lawful and that the collection of his personal and biometric information was therefore reasonable under the Fourth Amendment.  Because it is his burden to make out a federal claim upon which relief can be granted, Counts II, III, and V must be dismissed.

### B.   Supplemental Jurisdiction

Singer alleges subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (original jurisdiction over claims arising under federal law), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction over state-law claims forming part of the same case or controversy).  Dkt. 1 at 8.

Having dismissed Singer's federal claims, over which the Court has original jurisdiction, the Court retains only supplemental jurisdiction over the remaining state-law claims, Counts I and IV.  A district court "may decline to exercise supplemental jurisdiction" over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."  *Ratfield v. U.S. Drug Testing Lab'ys, Inc.*, 140 F.4th 849, 854 (7th Cir. 2025).  No departure from the usual practice is required in this case.  The Court therefore declines to exercise supplemental jurisdiction and will **DISMISS** the remaining claims without prejudice.

## V.  CONCLUSION

For these reasons, Singer's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED.**  Dkt. [2].  However, because he fails to state a claim on his federal-law counts and the Court declines to exercise supplemental jurisdiction over his state-law counts, his complaint, dkt. [1], must be **DISMISSED without prejudice.**

The dismissal of the complaint will not lead to the dismissal of the action at present.  "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."  *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).  In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made.

The plaintiff shall have through **August 10, 2026,** to file an amended complaint.  The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendants with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.  In organizing his complaint, the plaintiff may benefit from using the Court's complaint form. The **clerk is directed** to include a copy of the *pro se* non-prisoner complaint form along with the plaintiff's copy of this Order.

7

Any amended complaint should have the proper case number, No. 1:26-cv-00930-JRO-KMB, and the words "Amended Complaint" on the first page.  The amended complaint will completely replace the original.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).  If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 7/13/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

AARON SINGER
2885 Sanford Ave. SW
#44354
Grandville, MI 49418