UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AARON SINGER, Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-00930-JRO-KMB |
| INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT (IMPD), CITY OF INDIANAPOLIS, MARION COUNTY PROSECUTOR'S OFFICE, Defendants. | ) | |

**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

This Court previously granted Plaintiff Aaron Singer's Motion for Leave to Proceed *In Forma Pauperis*, and in its screening process, dismissed Plaintiff's complaint with leave to amend. Dkt. 8. Plaintiff filed his amended complaint, dkt. 9, which is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, Plaintiff's amended complaint, dkt. [9], is **DISMISSED without prejudice**.

**I. SCREENING STANDARD**

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2).

*Pro se* complaints, including Singer's, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751. Nevertheless, any plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

## II. THE COMPLAINT

The Court accepts Plaintiff's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all

of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (quoting *Twombly*, 550 U.S. at 555)).

Singer alleges that the Indiana Metropolitan Police Department ("IMPD") and the Indianapolis Public Transportation Corporation (doing business as "IndyGo") have an agreement for the IMPD to maintain a record of people denied entry to IndyGo property. Dkt. 9 ¶¶ 14–16. The agreement has no provision for removing people from the list, even when the individual is not later convicted of a charge related to their removal from the premises. *Id.* ¶¶ 17–18. Singer takes issue with the fact that while other Indiana state records scrub an individual from their database when that person's case is dismissed, the record between IMPD and IndyGo remains indefinitely. *Id.* ¶¶ 24–26.

Singer had two run-ins with the police that he recounts in his complaint. In the first, no charges were ultimately filed but his personal and biometric information was retained and published as criminal history, and a record of his arrest was kept pursuant to the agreement between IMPD and IndyGo. *Id.* ¶¶ 31–35. In the second, charges were dismissed but once again his personal and biometric information was retained and published as criminal history and he was placed on the record between IMPD and IndyGo. *Id.* ¶¶ 36-39.

Singer brings five counts: Counts I and IV are brought under Indiana state law; Counts II and III are brought for unlawful retention and publication of personally identifiable information and biometric identifiers in violation of the Fourth Amendment and 42 U.S.C. § 1983; and Count V is brought as a

municipal *Monell* liability claim under 42 U.S.C. § 1983. Singer seeks compensatory and punitive damages, a declaratory judgment, and a permanent injunction directing the revision of his criminal history and deletion of his personal data stored by Defendants and by third-party custodians.

**III. DISCUSSION**

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Plaintiff has identified the theory he uses to assert federal question jurisdiction: violations of the Fourth Amendment and municipal *Monell* liability under 42 U.S.C. § 1983. He also alleges two state law claims. Where a *pro se* litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)).

**A. Federal Claims**

Singer's first two federal claims are unlawful retention and publication of personally identifiable information and biometric identifiers as a violation of the Fourth Amendment asserted through 42 U.S.C. § 1983. Dkt. 9 at 16–18. Singer considers personally identifiable information his social security number, FBI number, Indiana State Identification number, and date of birth. Dkt. 9 ¶ 69. For biometric identifiers, Singer is concerned about Defendants' retention of his fingerprints, palm prints, and photographs. Dkt. 9 ¶ 76.

The Seventh Circuit has stated that "authorities throughout the country have held that the retention of finger prints and other arrest records by the police even after discharge, does not violate any constitutional 'right of privacy' of the accused." *Herschel v. Dyra*, 365 F.2d 17, 20 (7th Cir. 1966). The Seventh Circuit reasoned that police departments have a duty to maintain the public safety and welfare and are therefore justified in compiling and retaining arrest records. *Id. See also Kaehn v. Margolis*, No. 90 C 5714, 1991 WL 47357, at *2 (N.D. Ill. Apr. 1, 1991) ("Like Herschel, [plaintiff] seeks expunction of state records. *Herschel* remains the law of this circuit with respect to such claims and bars [plaintiff's] section 1983 claim for expunction of the record of his arrest and the bond forfeiture warrant.")

Like in *Herschel*, Singer's personal identifiable information appears to be retained as a part of his arrest record. As *Herschel* explains, it is permissible for state police departments to maintain records of arrests without violating Singer's right to privacy. While not at issue in *Herschel*, the Seventh Circuit nonetheless mentions that fingerprints can be retained without violating any constitutional rights to privacy. *Herschel*, 365 F.2d at 20. Thus, like his personal identifying information, Singer's biometric data in the form of fingerprints, palm prints, and photographs can be retained by the police without violating his right to privacy. Singer has therefore failed to state a claim that his Fourth Amendment rights have been violated, so Counts I and II must be **dismissed**.

Count V, of Singer's complaint, is his final federal claim, and that is a *Monell* claim. According to Singer, Defendants maintained a policy of retaining

the personal information and biometric identifiers of individuals who were never convicted of a crime. Dkt. 9 at 13.

As this Court previously explained in its order screening Singer's original complaint,

> To find a municipality (rather than a natural person) liable for a Section 1983 claim, the plaintiff must prove that the constitutional harm he alleges was caused by an official policy, a decision by a final decisionmaker, or a government custom or practice. *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017); *see Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 36 (2010). But "[a]bsent a constitutional injury, there is no municipal liability under *Monell*." *Peoples v. Cook Cnty.*, 128 F.4th 901, 905 (7th Cir. 2025) (citing *Swanigan v. City of Chi.*, 775 F.3d 953, 962 (7th Cir. 2015), and *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007)).

Dkt. 8 at 5. Once again, Singer's *Monell* claim fails because he does not show that Defendants violated his constitutional rights. While Singer sufficiently lays out a municipal policy to which he objects, he cannot show a constitutional injury as explained above. Counts II, III, and V must be **dismissed**.

**B. Supplemental Jurisdiction**

The Court next considers Singer's state-law claims. Singer alleges subject-matter jurisdiction for these claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction over state-law claims forming part of the same case or controversy). Dkt. 9 at 3.

Having dismissed Singer's federal claims, over which the Court has original jurisdiction, the Court retains only supplemental jurisdiction over the remaining state-law claims, Counts I and IV. District courts "may decline to

exercise supplemental jurisdiction" over a state-law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Ratfield v. U.S. Drug Testing Lab'ys, Inc.*, 140 F.4th 849, 854 (7th Cir. 2025). No departure from the usual practice is warranted in this case. The Court therefore declines to exercise supplemental jurisdiction and will **dismiss without prejudice** the remaining claims.

## IV. CONCLUSION

Since Singer fails to state a claim on his federal-law counts and the Court declines to exercise supplemental jurisdiction over his state-law counts, his Amended Complaint, dkt. [9], must be **DISMISSED without prejudice.**

The dismissal of the complaint will not lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff one final opportunity to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made.

The plaintiff shall have through **October 21, 2026,** to file an amended complaint. The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to

provide the defendants with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from using the Court's complaint form. The **clerk is directed** to include a copy of the *pro se* non-prisoner complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, No. 1:26-cv-00930-JRO-KMB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If the Court dismisses all claims in that complaint or if no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 9/30/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

AARON SINGER
2885 Sanford Ave. SW
#44354
Grandville, MI 49418