UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AARON SINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00930-JRO-KMB |
| | ) | |
| INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT (IMPD), CITY OF INDIANAPOLIS, MARION COUNTY PROSECUTOR'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DENYING PLAINTIFF'S MOTION FOR RECUSAL**

Plaintiff Aaron Singer, proceeding *pro se*, has moved for the recusal of the undersigned pursuant to 28 U.S.C. § 455(a). Dkt. [12].

Under Section 455(a) a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." The standard in a Section 455(a) recusal case is "whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). "'Partiality' does not refer to all favoritism, but only to such as is, for some reason, wrongful or inappropriate." *Liteky v. United States*, 510 U.S. 540, 552 (1994). "'Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions.'" *Id.* at 551 (quoting *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943)). The

partiality inquiry is an objective one. *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996).

Moreover, the partiality standard under Section 455(a) is a "'catchall' recusal provision, covering . . . [the] 'bias or prejudice' grounds" of Section 455(b)(1). *Litecky*, 510 U.S. at 548. It incorporates what is known as the "extrajudicial source" doctrine. *Id.* at 554. For that standard, courts often consider whether a judge's actions have been influenced by information from an extrajudicial source. *Id.* at 555. This extrajudicial source factor is significant, and often determinative. *Id.* at 551. This factor makes it easier to find bias or prejudice if the source of that bias or prejudice comes from outside the proceedings. Conversely, bias or prejudice is less likely if the evidence of bias or prejudice comes from information learned during the judicial proceedings. *Id.* at 554–55. Because of this factor, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Plaintiff seeks recusal because the undersigned docketed in this case an order from a separate case where Plaintiff was a party. Dkt. 10. That order dismissed the claims in *Singer v. Indianapolis Metro. Police Dep't*, No. 1:25-cv-00870-JRO-MKK (S.D. Ind. Jul. 31, 2026) ("*Singer 1*"), as a sanction against the

Plaintiff for repeated threatening and harassing emails to opposing counsel despite multiple warnings to stop. *See generally* dkt. 10. Plaintiff argues that docketing the order from *Singer 1* in this present case was improper and evidence of partiality. Plaintiff cites no authority besides Section 455(a) for his recusal arguments. *See generally* dkt. 12.

Plaintiff's arguments are a classic example of allegations of partiality based solely on facts and events in current and prior proceedings. *Litecky*, 510 U.S. at 555. They do not demonstrate partiality. Recusal is not warranted.

The dismissal order from *Singer 1* was docketed in this case as a case management precaution to deter the kind of behavior that precipitated the dismissal of *Singer 1*. In that case, Plaintiff—who was also proceeding *pro se*—"threatened to rape Defendants' counsel in multiple emails," "continued to harass counsel by email, including threatening to rape their corpses." Dkt. 10 at 7. Despite being warned to stop the unprofessional and disrespectful conduct, Plaintiff continued to send inappropriate emails to defense counsel in *Singer 1* leading to dismissal of that case as a sanction. *Id.* at 9–10; 15–18. The Court's concerns that similar behavior might occur in the future were soon confirmed. While Plaintiff's Motion for Recusal was pending, another action Plaintiff had brought in this district was dismissed by District Judge Matthew P. Brookman because of Plaintiff's threatening, harassing and inappropriate communications to defendants' counsel in that case. *See Singer v. Indianapolis Pub. Transit Sys.*, No. 1:25-cv-00470-MPB-MJD, dkt. 99 (S.D. Ind. Oct. 27, 2026).

The Court's efforts to deter unprofessional conduct in this district by docketing the dismissal order in *Singer 1* in other cases does not reflect "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Litecky*, 510 U.S. at 555. To the contrary, the Court has allowed the above-captioned case to proceed as normal. In this action, Plaintiff has already been given two additional opportunities to amend his complaint to address deficiencies the Court identified. *See* dkt. 8; dkt. 11. The Court will screen Plaintiff's latest amended complaint, dkt. 15, in due course based on the merits, not Plaintiff's behavior in other cases.

Plaintiff also argues that docketing the order from *Singer 1* in this case is a breach of judicial comity. The Plaintiff cites no authority for this proposition. Most importantly though this argument does not raise a question of the undersigned's partiality. Additionally, Plaintiff argues that he was not served with the order from *Singer 1* when it was docketed in this case. Plaintiff's recusal motion, however, confirms that Plaintiff is aware of the order and is now in possession of it. Regardless, lack of service also does not raise a question of the undersigned's partiality.

In sum, Plaintiff has not identified a question of this Judge's impartiality. The motion for recusal, dkt. [12], is **DENIED**.

**SO ORDERED.**

Date: 11/9/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

AARON SINGER
2885 Sanford Ave. SW
#44354
Grandville, MI 49418